Edward P. Sangster (SBN 121041)
*ed.sangster@klgates.com*
Leanne E. Hartmann (SBN 264787)
*leanne.hartmann@klgates.com*
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California  94111
Telephone:      (415) 882-8200
Facsimile:      (415) 882-8220

Thomas J. Smith (admitted *pro hac vice*)
*thomas.smith@klgates.com*
John T. Waldron, III (admitted *pro hac vice*)
*john.waldron@klgates.com*
K&L GATES LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222
Telephone:      (412) 355-6500
Facsimile:      (412) 355-6501

Attorneys for Defendant
HEXCEL CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **THE CONTINENTAL INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, COLUMBIA CASUALTY COMPANY and NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, as successor by merger to Transcontinental Insurance Company,**<br><br>                    Plaintiffs,<br><br>v.<br><br>**HEXCEL CORPORATION,**<br><br>                    Defendant. | Case No. 12-cv-5352-YGR<br><br>**DECLARATION OF RODNEY P. JENKS IN SUPPORT OF HEXCEL CORPORATION'S MOTION TO DISMISS OR STAY**<br><br>Date:    February 26, 2013<br>Time:    2:00 p.m.<br>Judge:   Hon. Gonzalez Rogers |

PI-3437036

---

Case No. 12-cv-5352-YGR
    DECLARATION OF RODNEY P. JENKS IN SUPPORT OF HEXCEL CORPORATION'S MOTION TO DISMISS OR STAY

**DECLARATION OF RODNEY P. JENKS**

I, Rodney P. Jenks, am over the age of eighteen and make this declaration based on personal knowledge and could competently testify to its contents, if necessary:

1. I am the Assistant General Counsel of Defendant Hexcel Corporation ("Hexcel"), and I make this Declaration in support of Hexcel's Motion to Dismiss or Stay in the above-captioned matter.

2. On October 25, 2012, Hexcel filed suit in New Jersey Superior Court of Essex County against eighteen insurers (including the four Plaintiff CNA insurers in this action) captioned *Hexcel Corporation v. Allianz Underwriters Ins. Co. et al.*, No. L-7918-12 (N.J. Super. Ct Essex Cnty) (the "New Jersey Action").

3. A true and correct copy of the Hexcel's Complaint in the New Jersey Action is attached hereto as Exhibit A.

4. Pursuant to extensions agreed to by Hexcel, the insurers' responses to Hexcel's complaint in the New Jersey Action are due on or before January 14, 2013.

5. Hexcel is a corporation organized and existing under the laws of the State of Delaware with its headquarters in Stamford, Connecticut.

6. Hexcel develops and manufactures lightweight, high-performance composite materials for aerospace, wind energy and industrial applications.

7. For a number of years, Hexcel and its predecessors in interest engaged in a variety of business activities in New Jersey, including operating a chemical manufacturing and chemical storage facility in Lodi, New Jersey ("the Lodi Site").

8. The Environmental Protection Agency ("EPA"), the New Jersey Department of Environmental Protection ("NJDEP") and certain New Jersey property owners have asserted various claims against Hexcel alleging that Hexcel is liable for environmental contamination at several New Jersey locations (the "New Jersey Environmental Claims").

9. Hexcel, along with over seventy other entities, have entered into an Administrative Order of Consent with the EPA, as potentially responsible parties ("PRPs"), in connection with the Lower Passaic River Restoration Project, which is part of the Diamond Alkali Superfund site.

10. A true and correct copy of the June 18, 2012 Administrative Settlement Agreement and Order on Consent for Removal Action for the Lower Passaic River Study Area Portion of the Diamond Alkali Superfund Site is attached hereto as Exhibit B.

11. The Diamond Alkali Superfund site is one of the largest and most complex environmental cleanup efforts in the United States, encompassing the former Diamond Alkali/Diamond Shamrock plant in Newark, as well as seventeen miles of the Passaic River and all of Newark Bay, in or about Essex, Hudson, Bergen and Passaic Counties, New Jersey.

12. A true and correct copy of the EPA's December 1, 2008 Fact Sheet for the Diamond Alkali Superfund Site is attached hereto as Exhibit C.

13. Hexcel and a number of other PRPs are facing both governmental and private party demands that the PRPs undertake or finance investigation and cleanup activities relating to the Lower Passaic River.

14. The EPA has estimated the cost to remediate just the lower eight-mile portion of the river at $1 billion to $4 billion.

15. A true and correct copy of the March 19, 2009 News Release of the State of New Jersey Department of Environmental Protection, which reports this EPA estimate, is attached hereto as Exhibit D.

16. In December 2005, the NJDEP filed an action, in New Jersey Superior Court, captioned *New Jersey Department of Environmental Protection et al. v. Occidental Chemical Corp. et al.*, No. ESX-L-9868-05 (N.J. Super. Ct. Essex Cnty.) against Tierra Solutions, Inc. ("Tierra Solutions") and related entities (Occidental Chemical Corporation, Maxus Energy Corporation (collectively with Tierra Solutions, "Tierra/Maxus"), Repsol YPF, S.A., and others) regarding discharges of contaminants from the former Diamond Alkali/Diamond Shamrock property.

17. A true and correct copy of the December 14, 2005 News Release of NJDEP, which announces the NJDEP's suit against Tierra/Maxus, is attached hereto as Exhibit E.

18. On February 4, 2009, Tierra/Maxus filed a third-party complaint, in New Jersey Superior Court, against Hexcel and approximately 200 other companies.

19. A true and correct copy of Tierra/Maxus' third-party complaint against Hexcel and the other companies is attached hereto as Exhibit F.

20. In addition, Tierra/Maxus filed another lengthy third-party complaint against approximately seventy New Jersey municipalities and a number of public agencies, including but not limited to the New Jersey Department of Transportation, the New Jersey Department of Agriculture, the Port Authority of New York and New Jersey and the Passaic Valley Sewerage Authority.

21. A true and correct copy of Tierra/Maxus' third-party complaint against the New Jersey municipalities and public agencies is attached hereto as Exhibit G.

22. With respect to Hexcel, Tierra/Maxus's third-party complaint seeks contribution towards any payments Tierra/Maxus may be obligated to the NJDEP and certain costs already incurred by Tierra/Maxus. *See* Exhibit F hereto at ¶¶ 106, 1467-1496.

23. With respect to the Lodi Site, the NJDEP has issued an order requiring Hexcel to investigate the site.

24. In addition, Hexcel has been named in various civil lawsuits and legal proceedings concerning contamination and/or cleanup costs at the Lodi Site. *See, e.g.*, *Accurso v. Stepan Co. et al. & Stepan Co. v. Hexcel Corp. f/n/a Fine Organics et al.*, No. L-1064-98 (N.J. Super. Ct. Middlesex Cnty.); *Fortunato v. Napp Techs., Inc. et al. v. Hexcel Corp.*, No. BER-L-3396-01 (N.J. Super. Ct. Bergen Cnty.); *Fine Organics Corp. v. Hexcel Corp.*, No. 94-4253 AT (Bankr. N.D. Cal.).

25. Hexcel has investigated and remediated contamination at and about the Lodi Site, and defended lawsuits in connection therewith.

26. Hexcel has paid and anticipates being required in the future to pay significant costs to investigate and defend the (1) Passaic River Claim, (2) the Tierra/Maxus Claim, and (3) the Lodi Site Claims, and Hexcel has become or may become legally obligated to pay sums as damages because of alleged bodily injury, personal injury, and/or property damage in connection with these New Jersey Environmental Claims.

27. For a number of years, Hexcel has sought insurance coverage from the insurers for costs and expenses incurred by Hexcel in connection with the New Jersey Environmental Claims.

28.    Hexcel repeatedly has provided its insurers, including CNA, with regular updates regarding the status of the New Jersey Environmental Claims, has engaged in extensive communications regarding insurance coverage issues, and has responded to numerous requests for information and documentation.

29.    As part of that process, in April 2012, Hexcel organized a meeting between Hexcel and the insurers in New Jersey.  At the meeting, Hexcel presented a detailed update of the New Jersey Environmental Claims and Hexcel's position with respect to the insurers' obligations.  Hexcel met individually with representatives of each of the insurers, including CNA, to discuss their coverage obligations.

30.    Following the April 2012 meeting, discussions between Hexcel and the insurers continued.  Hexcel responded to numerous inquiries from various insurers and produced to the insurers more than 130,000 pages of documents related to the New Jersey Environmental Claims.

31.    On October 9, 2012, Hexcel invited the insurers, including CNA, to attend a follow-up meeting in New Jersey scheduled for November 14, 2012.

32.    On October 17, 2012, CNA filed this action, seeking a declaration that it has no obligation to defend or indemnify Hexcel under its policies in connection with the New Jersey Environmental Claims.

33.    CNA provided no prior notice to Hexcel that it was filing this action.

34.    CNA served its Complaint in this action on Hexcel on or about October 24, 2012.

35.    The next day, CNA accepted Hexcel's invitation to the November 14, 2012 meeting in New Jersey.

36.    On October 25, 2012, after Hexcel became aware that it had been served with CNA's Complaint in this action, Hexcel filed the New Jersey Action.

37.    Hexcel was previously organized under California law until about 1983 and its corporate headquarters were in California until about 1996, and therefore, the CNA policies, which were issued between 1973 and 1986, were purchased while Hexcel was domiciled in California.

38. The earlier coverage action that took place in California (to which CNA refers in its recent "Response and Opposition" to Hexcel's Notice of Pendency of Other Action or Proceeding (ECF No. 21)), addressed underlying asbestos claims that were filed in California by California residents and/or alleged exposure to asbestos in California.

39. The majority of the documents related to the underlying New Jersey Environmental Claims and the attorneys capable of responding to interrogatories regarding those claims are located in or near New Jersey.

40. Hexcel currently retains more than a dozen companies as consultants with respect to investigation and remediation of the New Jersey sites, and most of these companies are located in New Jersey – including the principal, lead contractor, Haley & Aldrich, Inc. – and not one of these companies is located in California.

41. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 14th day of December, 2012, at Stamford, Connecticut.

Dated: December 14, 2012          By: _____
                                       Rodney P. Jenks